IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| ERIN DINDINGER, LISA LORING, and ELIZABETH FREUND,<br><br>                    Plaintiffs,<br><br>vs.<br><br>ALLSTEEL, INC., THE HON COMPANY and SCOTT MILLS,<br><br>                    Defendants. | No. 3:11-cv-126<br><br>**AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Erin Dindinger, Lisa Loring, and Elizabeth Freund, for their cause of action against Defendants Allsteel, Inc., The HON Company and Scott Mills, state:

## INTRODUCTION

1. This action is brought pursuant to the Equal Pay Act of 1963, 29 U.S.C. § 206(d), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and the Iowa Civil Rights Act, Iowa Code Chapter 216. Plaintiffs are all women who were paid substantially less than their male counterparts while they were employed by Defendants Allsteel Inc. and The HON Company and are entitled to relief under the Equal Pay Act and the Iowa Civil Rights Act. Plaintiffs Dindinger and Loring are also entitled to relief under Title VII and the Iowa Civil Rights Act for being subjected to discriminatory practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

4. This Court has supplemental jurisdiction over Plaintiffs' claims under Iowa law pursuant to 28 U.S.C. § 1367.

EXHIBIT 1

**PARTIES**

5. Plaintiff Erin Dindinger ("Dindinger") is, and at all times material times has been, a resident of Muscatine, Muscatine County, Iowa. Ms. Dindinger was employed by Defendant Allsteel, Inc. or The HON Company (both subsidiaries of HNI Corporation) from May 1995 through May 20, 2011 in various capacities, including as a Safety and Environmental Manager from July 2000 through the conclusion of her employment.

6. Plaintiff Lisa Loring ("Loring") is, and at all material times has been, a resident of Muscatine, Muscatine County, Iowa. Ms. Loring has been employed by Defendants Allsteel, Inc. or The HON Company (both subsidiaries of HNI Corporation) from 1996 through the present, including as a Safety and Environmental Manager from 2008 through the present.

7. Plaintiff Elizabeth Freund ("Freund") is, and at all material times has been, a resident of Blue Grass, Scott County, Iowa. Ms. Freund was employed by Defendant Allsteel, Inc. in the Human Resources Department as an MCR Generalist and an MCR Manager from July 2007 through December 2009.

8. Defendant Allsteel, Inc. ("Allsteel") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Muscatine, Muscatine County, Iowa. Defendant The HON Company ("HON") is a corporation organized and existing under the laws of the state of Iowa with its principal place of business in Muscatine, Muscatine County, Iowa. Defendants Allsteel and HON are both subsidiaries of HNI Corporation. HNI, through its subsidiaries, HON an Allsteel, is in the business of manufacturing office furniture. The HON and Allsteel manufacturing facilities are adjacent to each other.

9. Defendant Scott Mills is a resident of Fruitland, Muscatine County, Iowa. At all relevant times, Defendant Mills was the Vice President of Operations at the Allsteel Plant.

Defendant Mills was the supervisor of Plaintiff Dindinger's direct supervisor throughout her employment at Allsteel.

10. Joinder of Plaintiffs is appropriate pursuant to FED. R. CIV. P. 20(a)(1)(B) because questions of law or fact common to all Plaintiffs will arise in this action.

## ADMINISTRATIVE REQUIREMENTS

11. On October 12, 2011, within three hundred (300) days of the discriminatory acts of which she complains, Plaintiff Erin Dindinger filed charges of employment discrimination with the Equal Opportunity Employment Commission against the above-named Defendants. On February 21, 2011, less than 90 days prior to the filing of this Amended Complaint, the EEOC, pursuant to 29 C.F.R. 1601.28, issued a Notice of Right-to-Sue to Plaintiff Erin Dindinger.

12. On October 12, 2011, within three hundred (300) days of the discriminatory acts of which she complains, Plaintiff Lisa Loring filed charges of employment discrimination with the Equal Opportunity Employment Commission against the above named Defendants. On February 21, 2011, less than 90 days prior to the filing of this Amended Complaint, the EEOC, pursuant to 29 C.F.R. 1601.28, issued a Notice of Right-to-Sue to Plaintiff Lisa Loring.

13. On October 12, 2011, within three hundred (300) days of the discriminatory acts of which she complains, Plaintiff Erin Dindinger filed charges of employment discrimination with the Iowa Civil Rights Commission against the above named Defendants. On December 29, 2011, less than 90 days prior to the filing of this Amended Complaint, The ICRC, pursuant to Iowa Code § 216.16, issued a Notice of Right-to-Sue to Plaintiff Erin Dindinger.

14. On October 12, 2011, within three hundred (300) days of the discriminatory acts of which she complains, Plaintiff Lisa Loring filed charges of employment discrimination with the Iowa Civil Rights Commission against the above named Defendants. On December 29, 2011,

less than 90 days prior to the filing of this Amended Complaint, The ICRC, pursuant to Iowa Code § 216.16, issued a Notice of Right-to-Sue to Plaintiff Lisa Loring.

## FACTUAL BACKGROUND

15. Plaintiff Dindinger began working for HON as a Machine Operator in the Oak Steel Plant in May 1995. Prior to her employment with Defendant, Plaintiff Dindinger had 9 years of managerial experience. In January 1996, Plaintiff Dindinger was promoted and from January 1996 - July 2000 worked in various positions including Quality Facilitator, Assistant Group Lead and Group Lead. Plaintiff Dindinger is informed and believes that she was paid less than her male counterparts while working in those positions.

16. In July 2000, Plaintiff Dindinger was promoted to a Safety and Environmental Manager at Allsteel and continued to work in that position until she left her employment with Defendant in May 2011. During this time period, Plaintiff Dindinger was paid significantly less than her male counterparts working as either Safety Managers or Safety and Environmental Managers.

17. Plaintiff Dindinger has an Associate of Arts Degree, a 10-hour OSHA Certification, and received good employment reviews throughout her employment with Defendant.

18. Throughout her employment as a Safety and Environmental Manager, Plaintiff Dindinger was discriminated against and harassed because of her sex by Scott Mills, the Vice President of Operations at Allsteel, who at the time was the supervisor of Plaintiff's immediate supervisor and acting within the scope of his employment with Defendant Allsteel. Mills' discrimination and harassment of Plaintiff included, but was not limited to, 1) requiring Plaintiff to work uncompensated overtime hours on nights and weekends when similarly situated male

employees were not required to do so; 2) requiring Plaintiff to complete tasks that were the responsibility of male safety managers; 3) requiring Plaintiff to report to employees regarding injuries throughout the entire plant, including areas assigned to other safety managers; 4) contacting Plaintiff, often outside of working hours, regarding any safety incident, even those that occurred in areas of the plant Plaintiff was not responsible for; 5) yelling at Plaintiff at meetings and in front of other managers; 6) requiring Plaintiff to prepare and present significantly longer reports at policy deployment meetings than the male managers; and 7) blaming Plaintiff for all work injuries, including those occurring to employees that did not report to Plaintiff, in front of other employees and criticizing Plaintiff's work performance in front of other employees, despite Plaintiff's favorable reviews from her direct supervisor.

19.     Plaintiff complained about this treatment by Defendant Mills to Chad Lochner, her supervisor, and to the Human Resources Department on multiple occasions. Neither Lochner nor anyone from the Human Resources Department intervened or made any effort to stop Defendant Mills' discriminatory and harassing treatment of Plaintiff.

20.     Plaintiff Loring was hired in 1996 as welder/brazier at HON. At the time that she was hired, she had approximately 11 years of managerial experience. In 1999, Plaintiff Loring was promoted and from 1999-2008, she worked in various positions at HON and Allsteel, including Team Lead, RCI Engineer, Training Facilitator, Safety Technician, Safety and Environmental Administrator and Group Leader.  Plaintiff Loring is informed and believes that she was paid less than her male counterparts while working in those positions.

21.     In 2008, Plaintiff Loring was promoted to Safety and Environmental Manager and continues to work in that position through the present time. Plaintiff Loring is, and at all relevant

times has been, paid significantly less than her male counterparts working as either Safety Managers or Safety and Environmental Managers.

22.     Plaintiff Loring has various safety and environmental certifications, including 10-hour and 30-hour OSHA certifications, and has received good employment reviews throughout her employment with Defendant.

23.     Plaintiff Loring complained to Defendants regarding her pay on multiple occasions throughout her employment.

24.     Plaintiff Loring has applied for several positions within Allsteel, for which she was qualified, but she has been denied all of these promotions because of her sex and the positions were instead given to male employees. On April 6, 2010, Plaintiff Loring applied for the position of Factory Manager of the Panel Plant, but this position was given to a male. On August 10, 2010, Plaintiff Loring applied for the position of Factory Manager of Flex and Coil Cell, but this position was given to a male. On February 8, 2011, Plaintiff again applied for the position of Factory Manager of the Panel Plant, but this position was again given to a male. On March 28, 2011, Plaintiff applied for the position of Factory Manager of the Laterals/HDS Component Plant, but this position was given to a male.

25.     There are 20 factory manager positions at Allsteel and HON and only 1 is held by a woman. Plaintiffs are informed and believe that there are 35 factory manager positions at the companies owned by HNI[1] and only 3 of those positions are held by women.

---

[1] In addition to Allsteel and HON, companies owned by HNI with manufacturing facilities in the US include Paoli, Inc., Hearth and Home Tech., Inc., Gunlocke Co. and HBF Textiles.

26. Plaintiff Freund was hired on July 9, 2007 as an MCR Generalist. At the time that she was hired, she had a bachelor's degree and over 12 years of previous human resources experience. She also had a Professional in Human Resources (PHR) certification.

27. In approximately February/March 2008, Plaintiff Freund was promoted to the position of MCR Manager in the Distribution Center. At this time she was being paid significantly less than her male counterparts working as MCR Managers.

28. In January 2009, Plaintiff Freund obtained her Senior Professional in Human Resources (SPHR) certification. At the same time, the male MCR Manager of the Component Plant obtained his PHR certification (a lower level certification). Plaintiff Freund received good employment reviews throughout her employment with Defendant.

29. In May 2009, Plaintiff Freund took a position as the MCR Manager of the Component Plant and remained in that position until she left the company in December 2009. During that time, Plaintiff Freund was paid significantly less than her male counterparts working as MCR Managers and was paid significantly less than the male who had previously held the position and male counterparts who have held the positions since she has left Allsteel.

30. Plaintiff Freund complained regarding her pay at the time that she was promoted to MCR Manager and at the time that she was moved into the MCR Manager of the Component Plant position.

31. Plaintiff Freund is informed and believes that all or nearly all of the other female MCR Managers working for Defendant within the same timeframe were paid significantly less than their male counterparts.

32. Currently, there are approximately 35 managers at Allsteel – approximately 4 of them are women. Plaintiffs are informed and believe that the women working in management positions are paid significantly less than their male counterparts.

33. Plaintiffs are informed and believe that female group leaders (supervisors) are, and have been, including at all times that Plaintiffs Dindinger and Loring were group leaders, paid significantly less than their male counterparts.

34. Defendants have been on notice for some time that women in managerial and supervisory positions are earning significantly less than males performing jobs that require equal skill, effort, and responsibility, and which are performed under similar working conditions, including, but not limited to, notice from a lawsuit previously filed in this Court, alleging pay discrimination by Defendant based on gender.[2] *Mattingly v. Allsteel*, Case 3:09-cv-00102-RP-RAW.

## COUNT I - VIOLATION OF THE EQUAL PAY ACT
## AGAINST DEFENDANT ALLSTEEL by ALL PLAINTIFFS

35. Plaintiffs re-allege and incorporate by this reference the statements contained in paragraphs 1-34.

36. At all times relevant to this lawsuit, Defendant Allsteel discriminated against Plaintiffs on the basis of sex by paying Plaintiffs lower wages than Defendant Allsteel paid/pays to male employees for equal work on jobs, the performance of which require equal skill, effort, and responsibility, and which are performed under similar working conditions, in violation of 29 U.S.C. § 206(d), the Equal Pay Act.

---

[2] Allsteel's Statement of Undisputed Facts filed in the *Mattingly* case acknowledges that the plaintiff in that case complained to Defendant regarding unequal pay between men and women as early as April 2007. *See Case 3:09-cv-00102-RP-RAW,* Doc. 12-2, p. 17, filed 6/21/10.

37. Pursuant to 29 U.S.C. § 216, Plaintiffs are each entitled to recover the difference between the wages Plaintiffs were earning and the wages being earned by their male counterparts and an additional equal amount as liquidated damages. Plaintiffs are also entitled to recover reasonable attorneys' fees and the costs of this action.

38. Defendant Allsteel's violation of the Equal Pay Act was willful, entitling Plaintiffs to recover damages for three years before the date that this action was commenced pursuant to 29 U.S.C. § 255(a).

WHEREFORE, Plaintiffs Erin Dindinger, Lisa Loring, and Elizabeth Freund, respectfully request that this Court enter judgment against Defendant Allsteel, Inc., in an amount equal to the difference between the wages paid to Plaintiffs and the wages paid to male employees performing equal work, together with interest and an additional equal amount as liquidated damages, reasonable attorneys' fees, costs, and other such relief the Court may deem just and proper.

**COUNT II - VIOLATION OF IOWA CODE § 216.6A**
**IOWA CIVIL RIGHTS ACT (EQUAL PAY)**
**AGAINST DEFENDANTS HON & ALLSTEEL**
**By PLAINTIFFS DINDINGER and LORING**

39. Plaintiffs re-allege and incorporate by this reference the statements contained in paragraphs 1-38.

40. From January 1996 through the time that Plaintiff Dindinger left her employment with Allsteel, Defendants Allsteel and HON discriminated against Plaintiff Dindinger because of her sex by paying wages to Plaintiff Dindinger at a rate less than the rate paid to male employees employed within the same establishment for equal work on jobs, the performance of which required equal skill, effort, and responsibility and which were performed under similar working conditions.

41. From 1999 through the present, Defendants Allsteel and HON, discriminated against Plaintiff Loring because of her sex by paying wages to Plaintiff Loring at a rate less than the rate paid to other male employees employed within the same establishment for equal work on jobs, the performance of which required equal skill, effort, and responsibility and which were performed under similar working conditions.

42. Pursuant to Iowa Code § 216.15, Plaintiffs are entitled to recover an amount equal to two times the wage differential paid to comparable male employees during the time period for which Plaintiffs have been discriminated against, along with court costs and attorneys' fees.

43. Defendants' violation of Iowa Code Section 216.6A was willful, entitling Plaintiffs to recover an amount equal to three times the wage differential paid to comparable male employees during the time period for which Plaintiffs have been discriminated against, along with court costs and attorneys' fees.

44. Pursuant to Iowa Code § 216.15 and 216.6A Defendant Allsteel should also be ordered to increase Plaintiff Loring's rate of pay so that it is equal to the rate paid to other male employees employed within the same establishment for equal work on jobs, the performance of which require equal skill, effort, and responsibility and which were performed under similar working conditions.

WHEREFORE, Plaintiffs Erin Dindinger and Lisa Loring respectfully request that this Court enter judgment against Defendants Allsteel, Inc. and The HON Company, in an amount equal to two or three times the difference between the wages paid to Plaintiffs and the wages paid to male employees performing equal work for the period in which the discriminatory practice occurred, together with interest, reasonable attorneys' fees, costs, and other such relief the Court may deem just and proper. Plaintiff Loring respectfully requests that the Court further

order Defendant Allsteel, Inc. to increase her rate of pay to the rate paid to comparable male employees.

## COUNT III - VIOLATION OF TITLE VII
## AGAINST DEFENDANT ALLSTEEL by PLAINTIFF DINDINGER

45. Plaintiffs re-allege and incorporate by this reference the statements contained in paragraphs 1-44.

46. Defendant Allsteel discriminated against Plaintiff Dindinger with respect to the terms and conditions of her employment, including but not limited to wage discrimination, and subjected her to a hostile work environment on the basis of her sex, in violation of Title VII of the Civil Rights Act of 1964.

47. As a proximate result of Defendant's violation of Title VII, Plaintiff Dindinger has suffered and will suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, humiliation, embarrassment, lost wages and benefits, and other emoluments of employment.

48. Defendant acted with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff Erin Dindinger respectfully requests that this Court enter judgment against Defendant Allsteel, Inc., in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages, attorneys' fees, interest as provided by law and other such relief which may be just under the circumstances.

## COUNT IV - VIOLATION OF THE IOWA CIVIL RIGHTS ACT
## AGAINST DEFENDANTS ALLSTEEL & MILLS by PLAINTIFF DINDINGER

49. Plaintiffs re-allege and incorporate by this reference the statements contained in paragraphs 1-48.

50.     Defendants Allsteel and Mills discriminated against Plaintiff Dindinger with respect to the terms and conditions of her employment and subjected her to a hostile work environment on the basis of her sex, in violation of the Iowa Civil Rights Act, Iowa Code Chapter 216.

51.     As a proximate result of Defendants' violation of the Iowa Civil Rights Act, Plaintiff Dindinger has suffered and will suffer injuries and damages, including but not limited to, mental and emotional distress, fear, anguish, humiliation, embarrassment, lost wages and benefits, and other emoluments of employment.

52.     Defendants acted with willful and wanton disregard for Plaintiff Dindinger's rights and safety.

WHEREFORE, Plaintiff Erin Dindinger respectfully requests that this Court enter judgment against Defendants Allsteel, Inc. and Scott Mills, in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages, attorneys' fees, interest as provided by law and other such relief which may be just under the circumstances.

### COUNT V - VIOLATION OF TITLE VII
### AGAINST DEFENDANT ALLSTEEL by PLAINTIFF LORING

53.     Plaintiffs re-allege and incorporate by this reference the statements contained in paragraphs 1-52.

54.     Defendant Allsteel discriminated against Plaintiff Loring with respect to the terms and conditions of her employment on the basis of her sex, including wage discrimination and failing to promote her to positions for which she was qualified, in violation of Title VII of the Civil Rights Act of 1964.

55.     As a proximate result of Defendant's violation of Title VII, Plaintiff Loring has suffered and will suffer injuries and damages, including but not limited to, mental and emotional

distress, fear, anguish, humiliation, embarrassment, lost wages and benefits, and other emoluments of employment.

56. Defendant acted with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff Lisa Loring respectfully requests that this Court enter judgment against Defendant Allsteel, Inc., in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages, attorneys' fees, interest as provided by law and other such relief which may be just under the circumstances.

## COUNT VI - VIOLATION OF THE IOWA CIVIL RIGHTS ACT AGAINST DEFENDANT ALLSTEEL by PLAINTIFF LORING

57. Plaintiffs re-allege and incorporate by this reference the statements contained in paragraphs 1-56.

58. Defendant discriminated against Plaintiff Loring with respect to the terms and conditions of her employment because of her sex, by failing to promote her to positions for which she was qualified, in violation of the Iowa Civil Rights Act, Iowa Code Chapter 216.

59. As a proximate result of Defendant's violation of the Iowa Civil Rights Act, Plaintiff Loring has suffered and will suffer injuries and damages, including but not limited to, mental and emotional distress, fear, anguish, humiliation, embarrassment, lost wages and benefits, and other emoluments of employment.

60. Defendant acted with willful and wanton disregard for Plaintiff Loring's rights and safety.

WHEREFORE, Plaintiff Lisa Loring respectfully requests that this Court enter judgment against Defendant Allsteel, Inc., in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages, attorneys' fees, interest as provided by law and other such relief which may be just under the circumstances.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

/s/ Brad J. Brady
Brad J. Brady        LI0000451

/s/ Ann E. Brown-Graff
Ann E. Brown -Graff  LI0019118
BRADY & O'SHEA, P.C.
2735 1st Avenue SE
Cedar Rapids, IA 52402
Phone: 319/866-9277
Fax:  319/866-9280
bbrady@bradyoshea.com
abrown-graff@bradyoshea.com
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2012, I electronically filed the foregoing *Plaintiffs' Amended Complaint Demand for Jury Trial* with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Frank  Harty
Frances M. Haas
Nyemaster, Goode, West, Hansell
  & O'Brien, P.C.
700 Walnut Street, Ste. 1600
Des Moines, IA 50309

/s/ Tonia M. Harris
Tonia M. Harris, Secretary